# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4302 | **DATE** | 11/20/2002 |
| **CASE TITLE** | Hinc vs. Lime-O-Sol Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant's motion to transfer venue. Discovery is ordered closed on 4/30/03. Any dispositive motion will be due by 5/30/03. If no motion is filed, pretrial order will be due by 5/30/03; and response to any motions in limine by 6/13/03. Pretrial conference set for 7/10/03 at 4:30 p.m. Jury trial set for 9/8/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | NOV 21 2002 | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/20/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 02 NOV 20 PM 4: 55 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

THOMAS P. HINC,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )
                                   )    No.   02 C 4302
LIME-O-SOL COMPANY,                )
                                   )
            Defendant.             )
                                   )

DOCKETED
NOV 2 1 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Hinc, a citizen of Illinois, invented a formula that he believed would improve a product manufactured by Defendant Lime-O-Sol Company ("LOS"), a citizen of Indiana. Mr. Hinc contacted LOS to notify them about his invention, and the parties eventually entered into a contract whereby Mr. Hinc revealed the contents of his formula to LOS and LOS agreed to market the eventual product. Mr. Hinc later sued LOS, alleging that it breached its obligations under that contract. LOS now moves to transfer venue to the Northern District of Indiana, Fort Wayne division. I deny the motion.

The venue transfer statute, 28 U.S.C. § 1404(a), provides that "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties concede that this action might have been brought in the Northern District of Indiana, where the defendant resides. The

remaining question is whether a transfer will serve the convenience of the parties and the interest of justice.

**I. Convenience of the parties**. When evaluating the convenience of the parties, factors a court should consider include: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties" of pursuing the case in either forum. *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 774 (N.D. Ill. 1998) (Alesia, J.). The burden of showing that the transferee forum is more convenient rests with the moving party. *Id.* at 774. I will address each of these factors in turn.

*Plaintiff's choice of forum.* Where the original forum has significant contacts with the cause of action, the plaintiff's choice of forum is entitled to substantial deference. *divine/Whittman-Hart, Inc. v. King*, No. 02 C 2486, 2002 U.S. Dist. LEXIS 13244, *22 (N.D. Ill. July 19, 2002) (Mason, Mag.). Here, there are significant contacts between this cause of action and the Northern District of Illinois. The plaintiff resides in the district, negotiated with LOS by e-mail and telephone from the district, and signed his copy of the contract in the district. Thus, the plaintiff's choice weighs against removal.

*Situs of material events.* The contract was jointly executed by the parties in Illinois and Indiana, but Mr. Hinc made two visits

to LOS in Indiana during the course of the negotiations, while LOS never entered Illinois. Further, the main issue in the case is likely to be LOS' performance or nonperformance, which took place in Indiana. This factor weighs in favor of transfer to Indiana.

*Relative ease of access to sources of proof.* The parties agree that this factor does not weigh in either party's favor.

*Convenience of the witnesses.* It is preferable to hold a trial in the forum that will necessitate less travel for witnesses. Most of the potential witnesses named by LOS are LOS employees, and the convenience of employee-witnesses is given very little weight by courts. *Hanley*, 6 F. Supp. 2d at 775. On the other hand, the witnesses Mr. Hinc intends to call are not his employees, and as residents of the Northern District of Illinois, they would be inconvenienced by having to travel to Indiana to testify. This factor weighs against transfer.

*Convenience to the parties.* Courts may weigh the parties' differing ability to bear the expenses of foreign litigation. *Id.* at 776. Here, one party is a corporation and the other an individual, and litigating a case in another state would likely be more difficult and burdensome for Mr. Hinc than for LOS. This factor weighs against transfer.

**II. The interest of justice.** Courts deciding whether a transfer is in the interest of justice should take into account considerations such as the speed at which the case is likely to be

3

resolved and the court's familiarity with the law at issue. *Id.* at 777. The average time from filing to disposition in the Northern Districts of Illinois and Indiana differs by only a few months. This is not a significant enough difference to influence the suitability of transfer, *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 835 (N.D. Ill. 1999) (Alesia, J.), so this consideration does not weigh for or against transfer.

It is too early to tell at this point whether Illinois or Indiana law will apply in this case. However, even if Indiana law applies, this is not a sufficient reason to transfer the case to an Indiana court. A court's level of familiarity with the foreign law which may be applied in a case is a more persuasive consideration "when the foreign law to be applied is complex or unsettled." *Bodine's, Inc. v. Sunny-O, Inc.* 494 F. Supp. 1279, 1286 (N.D. Ill. 1980) (Aspen, J.). The parties have not suggested that breach of contract law in Indiana is so difficult or ambiguous that only an Indiana court may apply it properly. Thus, this factor has neutral weight as well.

In sum, the only *Hanley* factor that weighs in favor of transfer is that Indiana was the situs of breach, while all other factors are either neutral or weigh against transfer. LOS has not met its burden of showing that the Northern District of Indiana is a more convenient forum for this action.

4

Defendant's motion for transfer of venue is DENIED.

ENTER ORDER:

_Elaine E Buckle_

**Elaine E. Bucklo**
United States District Judge

Dated:     November 20, 2002