

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4302 | **DATE** | 11/4/2003 |
| **CASE TITLE** | Hinc vs. Lime-O-Sol Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment. Judgment is therefore entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot. All schedules including pretrial conference set for 12/12/03 and trial set for 1/6/04 are also vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV - 5 2003 | |
| | Notified counsel by telephone. | | date docketed | 51 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/4/2003 | |
| | | 03 NOV -4 PM 4:57 | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS P. HINC, )
)
Plaintiff, )
)
v. )
) No. 02 C 4302
LIME-O-SOL COMPANY, )
)
Defendant. )

DOCKETED
NOV - 5 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Hinc, a citizen of Illinois, invented an additive that he believed would improve a cleaning product manufactured by defendant Lime-O-Sol Company ("LOS"), a citizen of Indiana. Mr. Hinc contacted LOS about his invention. In August 1999, following negotiations, the parties entered into a contract whereby Mr. Hinc revealed the ingredients of the additive to LOS. The contract provided that both parties would use their "best efforts" to market the supplemented product "in a manner that seems appropriate." For every gallon of supplemented product sold by LOS, Mr. Hinc would receive $10.00. After the contract was signed and the ingredients revealed, LOS failed to manufacture or market any product incorporating Mr. Hinc's additive. Mr. Hinc secured orders for the improved product, but LOS filled those orders with cleaning products that did not include Mr. Hinc's contribution. The agreement allowed either party to cancel upon 90 days written notice. In May 2001, LOS sent Mr. Hinc a letter notifying him that

5J

LOS had decided not to market the product after all. Mr. Hinc then sued LOS, alleging that it breached its obligations under the contract and seeking damages for the breach and for lost profits. LOS now moves for summary judgment in its favor.

Jurisdiction is proper in this court under 28 U.S.C. § 1332 owing to the complete diversity of the parties. On a motion for summary judgment, I evaluate admissible evidence in the light most favorable to the non-moving party and grant the motion only if the case presents no genuine issue of material fact. *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002).

The parties do not agree on the appropriate state law to be applied. Federal courts sitting in diversity apply the choice of law rules of the forum state. *Pittway Corp. v. Lockheed Aircraft Corp.*, 641 F.2d 524, 526 (7th Cir. 1981). Illinois adheres to a "most significant contacts" test to determine which law applies. *Id.* Factors a court should consider include the place of contracting, the place of negotiation, the place of performance, the location of the subject matter of the contract, and the domicile of the parties. *Curran v. Kwon*, 153 F.3d 481, 488 (7th Cir. 1998).

Here, each party signed the contract in its home state. Negotiations took place over the telephone while each party was in its home state. Prior to negotiations, Mr. Hinc visited LOS in Indiana in order to discuss possible applications of his formula,

while LOS representatives never entered Illinois. The contract was to be performed by both parties, but the issue at the heart of the suit is LOS's alleged non-performance, which took place primarily in Indiana, where it made business decisions. The subject matter of the contract concerned both a service, namely to market the product, and a product, rust remover, which was manufactured in Indiana. Finally, one party is domiciled in each of the two states. While the balance is close, the contract has more significant contacts with Indiana.

LOS argues that Mr. Hinc should be bound by statements he made in his memorandum opposing transfer of venue. In that motion, Mr. Hinc argued that ("The majority of the material events underlying the claim took place in Illinois.") However, this argument is a wash; LOS made similar arguments in its brief in favor of transfer. ("Indiana, and more particularly the Fort Wayne area, is the situs of the material events relevant to this claim.") As each party has apparently had a change of heart regarding the situs of material events, it would hardly be practical to resolve the choice-of-law question by forcing them to stick to their earlier arguments.

Having established that Indiana law governs this contract, I turn to the substantive issues raised by the motion. LOS' first argument is that its contractual obligation to use its best efforts to market the combined product is so vague as to be unenforceable under Indiana law. In support of that claim, it points to *Wright-*

3

*Moore Corp. v. Ricoh Corp.*, 794 F. Supp. 844 (N.D. Ind. 1991). That case involved a dispute over whether a distributor properly promoted a manufacturer's products. One issue was whether the defendant, Ricoh, had induced one of the plaintiff's dealers, CopyRite, to breach its contract with the plaintiff, Wright-Moore. Under the heading "BEST EFFORTS," the allegedly breached contract stated that CopyRite would "promote the goodwill and name of Wright-Moore and do everything within its capacity to further the interest of Wright-Moore." *Id.* at 867. The contract then stated that CopyRite would meet a sales quota to be assigned later, but such a quota was never issued. *Id.* The court held that Ricoh could not have induced Copy-Rite to breach this contract because it was unenforceable, explaining:

> Clearly, the "best efforts" provision is too indefinite to be enforced under Indiana law ... [Wright-Moore] would not have been able to maintain a suit against CopyRite for breach of contract, as it would have been impossible for a court to determine the meaning of the "best efforts" clause.

*Id.* Like the unenforceable contract in *Wright-Moore*, the contract between Mr. Hinc and LOS included no sales quota or defined level of performance. The best efforts language in *Wright-Moore* is, if anything, stronger and more definite than the lukewarm language in the Hinc/LOS contract ("This is a 'best efforts' agreement ... to market such product in a manner that seems

4

appropriate").[1]

Indiana does impose a requirement of good faith in performing obligations under a contract. *Moridge Mfg. Co. v. Butler,* 451 N.E.2d 677, 681 (3d Dist. Ind. 1983). In the absence of an exclusive dealing contract, which, contrary to Mr. Hinc's argument, does not exist here, that cannot give substance to a contract term as vague as the "in a manner that seems appropriate" clause at issue here.

I therefore agree with LOS that it had no binding obligation to manufacture or market the product in any manner. As there was no compensable breach of contract, I need not address LOS' second argument that Mr. Hinc's calculation of his damages in terms of lost future profits is too speculative. The defendant's motion for summary judgment is GRANTED.

ENTER ORDER

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: November 4, 2003

---

[1] Neither case relied on by Mr. Hinc, *Union Miniere, S.A. v. Parday,* 521 N.E.2d 700 (1st Dist. Ind. 1988), or *Moridge Mfg. Co. v. Butler,* 451 N.E.2d 677, 681 (3d Dist. Ind. 1983), helps in this regard. While both refer to "best efforts" clauses, neither discuss when such a clause is sufficiently definite to support a suit for breach of contract.